

# NMI SETTLEMENT FUND

POST OFFICE BOX 501247, SAIPAN, MP 96950

September 23, 2024

**BY ELECTRONIC FILING**

Molly C. Dwyer
Clerk of Court
United States Court of Appeals
   for the Ninth Circuit
Post Office Box 193939
San Francisco, CA 94119-3939

        RE:   *Camacho v. Northern Mariana Islands Settlement Fund*, No. 23-16074
                Oral Argument Date: October 7, 2024 (Hawaii Bkcy Courtroom 250L)
                FRAP Rule 28(j) & Circuit Rule 28-6 Supp. Authorities

Dear Clerk Dwyer:

      Defendant-Appellee Northern Mariana Islands Settlement Fund requests that the panel take notice of the following authorities cited by the parties in their briefs:

      (1) Final Judgment Approving Class Action Settlement filed on October 23, 2013, *nunc pro tunc* to September 30, 2013, in the underlying district court action *Johnson v. Inos*, No. 1:09-cv-00023 (D. N. Mar. I.) (the "*Johnson* Action"), cited at page 6 of Appellant's Opening Brief and pages 1 and 7 of Appellee's Brief;

      (2) Section 7 of the Final Amended Stipulation and Agreement of Settlement ("*Johnson* Settlement Agreement") filed on August 6, 2013, in the *Johnson* Action, cited at page 7 of Appellant's Opening Brief and page 8 of Appellee's Brief;

      (3) Section 8 of the *Johnson* Settlement Agreement, cited at page 8 of Appellee's Brief; and

      (4) Public Law 17-32, cited at page 10 of Appellant's Opening Brief; pages 6, 17, and 19 of Appellee's Brief; and pages 7-9 of Appellant's Reply Brief.

      Items (1), (2), and (3) of the supplemental authorities are part of the record in the underlying *Johnson* Action, and were part of Appellant's original addendum filed on October 26, 2023, but later omitted when Appellant submitted her corrected Opening Brief and Addendum on November 3, 2023. Item (4) of the supplemental authorities was referred to by the parties in their appellate briefs but not provided in the parties' respective addenda or excerpts of record.

---

Tel: 670.322.3863 ▪ Fax: 670.664.8080

To: Ms. Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
Re: *Camacho v. Northern Mariana Islands Settlement Fund*, No. 23-16074 September 23, 2024
Page 2

                                    Respectfully submitted,

                                     /s/ G. Patrick Civille
                                    G. Patrick Civille
                                    Nicole M. Torres-Ripple
                                    *Counsel for Defendant-Appellee*

cc: All Counsel of Record (via CM/ECF)

Enclosures

BRONSTER HOSHIBATA
Margery S. Bronster
Email: mbronster@bhawaii.net
Robert M. Hatch
Email: rhatch@bhhwaii.net
1003 Bishop Street, Suite 2300
Honolulu, Hawai'i 96813
Telephone No.: (808) 524-5644
Facsimile No.: (808) 599-1881

Bruce L. Jorgensen, Bar No. 53
Email: retireeslawyer@yahoo.com
c/o 405 Silverhill Road
Walterboro, S.C. 29488
Telephone: (845) 820-5721

Stephen C. Woodruff
Email: scwlaw.spn@gmail.com
Second Floor, Marg's Kitchen Bldg.
Chalan Hagoi at Mt. Carmel
P.O. Box 500770
Saipan, MP 96950
Telephone No.: (670) 235-3872
Facsimile No.: (670) 235-3873

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| BETTY JOHNSON on behalf of herself, and as a representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br><br> vs.<br><br>ELOY S. INOS, Governor of the Commonwealth of the Northern Mariana Islands ("CNMI"); ADELINA C. ROBERTO, Fund Trustee and Vice Chairwoman; NACRINA BARINAS, Fund Trustee; RICHARD S. VILLAGOMEZ, Fund Administrator; LARISSA LARSON, Acting Secretary of the CNMI Finance | CIVIL CASE NO. 09-00023<br><br><br><br><br><br><br>FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT |

| | |
|---|---|
| 1 | Department; CNMI GOVERNMENT; ) |
| 2 | NORTHERN MARIANA ISLANDS ) |
| | RETIREMENT FUND; NORTHERN ) |
| 3 | MARIANA ISLANDS RETIREMENT ) |
| | FUND BOARD OF TRUSTEES; CNMI ) |
| 4 | DEPARTMENT OF FINANCE; CNMI ) |
| 5 | DOES 1-95 in their official and personal ) |
| | capacities; ) |
| 6 | ) |
| 7 | Defendants. ) |
| | ) |
| 8 | _____ ) |

## FINAL JUDGMENT
## APPROVING CLASS ACTION SETTLEMENT

This court having found jurisdiction over all parties to this class action, having read and considered the Motion for Final Approval of the Class Action Settlement ("Motion"), submitted by Plaintiff, on her own behalf and on behalf of all similarly situated Settlement Class Members seeking final approval of the Final Amended Stipulation and Agreement of Settlement, dated August 6, 2013, and the Exhibits attached thereto (the "Agreement"), between Plaintiff and Defendants; and having on August 6, 2013 preliminary approved the Agreement and conditionally certified the Settlement Class for settlement purposes only, after due and adequate notice having been given to the Settlement Class as required by the District Court, and the District Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

This Judgment incorporates the Agreement as an integral part of this Judgment, and all terms used herein shall have the same meanings as set forth in the Agreement. ECF No. 468. The District Court has jurisdiction over the subject matter of this Action and personal jurisdiction over all the parties including all Settlement Class Members.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and due process, the District Court hereby finally approves the Agreement (with the exception of who may act as Class Counsel) and finds that the settlement consideration is fair and that said settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

The Settlement Class, as defined below, which the District Court previously certified preliminarily, is hereby finally certified for settlement purposes under Rule 23 (b) (3) of the Federal Rules of Civil Procedure, the District Court having determined that the settlement is fair, adequate and reasonable, and that the Settlement Class fully satisfies all the applicable requirements of federal law and due process:

> All persons who on August 6, 2013 are members of the Defined Benefit Plan of the Northern Mariana Islands Retirement Fund or persons who are entitled to survivor's benefits of such members; provided the person did not execute and deliver to the CNMI Fund a timely Election to Terminate.

The District Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff, and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

Except as to any individual claim of those persons who have validly and timely requested exclusion from the Settlement Class, the District Court hereby declares that the Settlement Class Members are no longer members of the Northern Mariana Islands Retirement Fund ("CNMI Fund") and are members of the Settlement Fund only. As to those persons who have validly and timely requested exclusion from the Settlement Class, the court declares that they are not members of the Settlement Class or the Settlement Fund and they are no longer putative members of any class in this Action, and they have no rights under the Agreement and this Final Judgment. The CNMI shall be solely and exclusively responsible for the retirement benefits and pensions of these opt-outs and any members of the CNMI Fund who is not a Settlement Class Member

The District Court finds that the Settlement is fair, reasonable and adequate and in the best interests of Plaintiff and all the Settlement Class members. The District Court gives final approval for Margery Bronster and Robert Hatch of Bronster Hoshibata a Law Corporation to act as Class Counsel, but withholds final approval with regard to Bruce Jorgensen and Stephen Woodruff. The District Court finally approves the settlement in all other respects, and the Parties shall perform its terms.

Plaintiff and each member of the Settlement Class (except a member of the Settlement Class who has obtained proper and timely exclusion from the settlement), their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and all persons acting for or on their behalf, will be deemed to have fully, voluntarily, and irrevocably redefined their rights to benefits from the CNMI as members of the CNMI Fund as defined by the Agreement but still guaranteed by the United States and CNMI Constitutions. All Assets of the CNMI Fund are assigned, transferred and shall immediately

become assets of the Settlement Fund. The CNMI shall include all Settlement Class Members in the same government health and life insurance plans and provide them with the same benefits as provided to all other current full-time employees of the CNMI.

This Judgment does not alter the constitutional nature of the Settlement Class Members' rights to accrued benefits. Nothing in this Judgment shall be construed to limit claims to enforce this Judgment and the Agreement.

The District Court finds that the Publication Notice and the Direct Mail Notice provided to Settlement Class Members were the best notice practicable under the circumstances of the proceedings and of the matters set forth therein, and that the Class Notice fully satisfied the requirements of due process, the Federal Rules of Civil Procedure, and any other applicable laws.

This court having heard and resolved all Objections hereto, does hereby forever enjoin any and all persons, individuals or entities from commencing any litigation in this or any other Court challenging this Settlement, or asserting any Claims against the TAL, his professionals, agents or employees. Any person receiving Notice of this Order and Judgment shall be enjoined from commencing any such action. If such action is commenced by any person without notice of this Order and Judgment, such person shall immediately dismiss any such action with prejudice upon receipt of this Order. This Court retains exclusive jurisdiction over this matter for all purposes, including the enforcement of this provision through a contempt proceeding, including the power to levy a fine in any amount equal to all attorney fees and costs incurred by virtue of the violation of this provision. Moreover any proceedings filed challenging this Settlement or asserting any claims against the TAL, his professionals, agents or

employee, the CNMI Fund, its agents and employees shall be removed to this court, which retains sole and exclusive jurisdiction over such matters.

Without affecting the finality of this Judgment in any way, this court will retain exclusive jurisdiction of this action and of all matters relating to the enforcement, effectuation, administration, interpretation, administration, or modification of this Judgment, the Agreement and the settlement.

**IT IS SO ORDERED.**

Dated:  October 23, 2013, *nunc pro tunc* to September 30, 2013



/s/ **Frances M. Tydingco-Gatewood**
      **Designated Judge**

Settlement Class as determined by an independent actuary as of the date of the hearing. If the District Court determines the CNMI has failed to timely make a payment required by this Agreement, the District Court shall allow enforcement of the Consent Judgment against the CNMI in the amount of $779,000,000 or the lesser amount the District Court finds is the actuarial present value of accrued benefits of the Settlement Class as determined as of the hearing date. The CNMI agrees that it cannot appeal this judgment. The CNMI preserves the right to oppose and appeal measures to enforce the Consent Judgment but agrees it cannot contest by appeal the Consent Judgment's validity or the District Court's jurisdiction to enforce it. The CNMI also agrees that it will not stay enforcement of the Consent Judgment pending any appeal, but this shall not impair the CNMI's right to seek restitution of any amounts collected in accordance with a disposition after final appeal.

The Consent Judgment shall not be entered against any individually named defendant in this proceeding in his individual capacity including but not limited to ELOY S. INOS, Governor of the Commonwealth of the Northern Mariana Islands; the TRUSTEE AD LITEM for the CNMI Fund; the NORTHERN MARIANA ISLANDS RETIREMENT FUND BOARD OF TRUSTEES; ADELINA C. ROBERTO, CNMI Fund Trustee and Vice Chairwoman; NACRINA BARCINAS, CNMI Fund Trustee; RICHARD S. VILLAGOMEZ, CNMI Fund Administrator; and LARRISA LARSON, Secretary of the CNMI DEPARTMENT OF FINANCE.

The Consent Judgment may be subject to adjustment from time to time on motion by the CNMI to reflect the actuarial present value of accrued benefits of the Settlement Class as determined by an independent actuary at the time of the motion. Class Counsel and Plaintiff will not oppose the motion, but may dispute the adjusted amount.

7.0     Deferral of Settlement Class Member Benefits. The Settlement Class Members

Page **15** of 44

Case: 23-16074, 09/22/2024, ID: 12908029, DktEntry: 33, Page 10 of 17
Case 1:09-cv-00023 Document 468-1 Filed 08/06/13 Page 16 of 50

shall be entitled each year to receive 75% of their Full Benefits. The Settlement Class Members' right to Retirement Benefits shall remain a right guaranteed by the United States and CNMI Constitutions and owed by the CNMI and shall not be transformed by this Agreement into a simple contractual right. The Settlement Class Members are not releasing their claims to their Full Benefits under this Agreement, but they agree that they will be entitled to only 75% of their Full Benefits annually until the Settlement Fund has sufficient assets to pay more and remain actuarially sound while paying more over its life and providing prudently for the costs and future costs of operating the Settlement Fund. The Settlement Class Members also agree that in the event that the Settlement Fund's assets are insufficient to prudently pay benefits as provided herein, the Trustee may pay reduced benefits pro-rata until the Trustee has sufficient assets to prudently pay more upon a showing of necessity and an order confirming the necessity of pro-rata reductions as approved by the District Court.

   8.0 <u>The Settlement Fund</u>. Upon Final Approval, all Assets of the CNMI Fund shall transfer and are assigned as assets of the Settlement Fund. To the extent that Assets of the CNMI Fund are in the form of real property, the CNMI Fund transfers to the Settlement Fund only a leasehold interest in that real property for the maximum period allowed by law and for an annual lease payment not to exceed one dollar per year; and to the extent that it is necessary to foreclose on any real property in the CNMI to collect on any loan that was an Asset of the CNMI Fund, the CNMI Fund or CNMI shall hold all real property interests for the benefit of and at the direction of the Settlement Fund, and any proceeds from the disposition of the real property interests shall be paid by the CNMI Fund or CNMI to the Settlement Fund net of collection costs. In addition, upon Final Approval:

    (a) The Settlement Class Members who do not opt out shall cease to be

members of the CNMI Fund and shall be Members of the Settlement Fund only;

    (b)    All rights and liabilities of the CNMI Fund with respect to any unresolved disputes now existing or hereafter asserted between any Settlement Class Member and the CNMI Fund shall transfer and are assigned as rights and liabilities of the Settlement Fund; and

    (c)    The Settlement Class Members shall be released and no longer have any obligations or duties to the CNMI Fund, and the CNMI Fund shall no longer have any obligations or duties to pay Retirement Benefits to the Settlement Class Members.

    8.1    <u>Assignment</u>. Upon Final Approval, the CNMI Fund shall assign to the CNMI all rights to collect employer contributions deficient as of August 6, 2013 and related costs from the Autonomous Agencies, or any other CNMI instrumentalities except with respect to rights and liabilities related to civil action 11-0114 in the CNMI Superior Court.

    8.2    <u>Transfer of Liabilities</u>. All liabilities of the CNMI Fund shall be transferred to the CNMI and are assigned as the liabilities of the CNMI except for the benefits payable to the Settlement Class Members as provided herein.

    9.0    <u>Money Owed by the CNMI to the TAL</u>. The District Court previously ordered the CNMI to pay fees and costs as approved by the District Court to the TAL and its professionals. The CNMI has disputed the legality of the District Court's order requiring it to pay those fees and costs and has not yet paid them. The District Court determined that these fees and costs were reasonable without providing an opportunity for objections, and the CNMI believes it should have had an opportunity to dispute the reasonableness of the fees before the District Court made its determination of reasonableness. However, in the interest of advancing this Settlement and without conceding the reasonableness of those fees and expenses, the CNMI (1) waives any right



# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

**Benigno R. Fitial**
Governor

**Eloy S. Inos**
Lieutenant Governor

FEB 16 2011

The Honorable Paul A. Manglona
Senate President
Seventeenth Northern Marianas
Commonwealth Legislature
Saipan, MP 96950

Honorable Eliceo D. Cabrera
Speaker, House of Representatives
Seventeenth Northern Marianas
Commonwealth Legislature
Saipan, MP 96950

Dear Mr. President and Mr. Speaker:

This is to inform you that I have signed into law Senate Bill 17-34, SD1, entitled, "To amend 1 CMC §8358 to allow the NMI Retirement Fund Board to vote to provide a non-compounding annual retirement bonus in lieu of a cost of living increase to help provide for the fiscal solvency of the Northern Mariana Islands Retirement Fund; and for other purposes," which was passed by the Seventeenth Northern Marianas Commonwealth Legislature.

This bill is one of several measures recommended by the Northern Mariana Islands Retirement Fund's (NMIRF) actuary with the intent to stabilize the pension system to allow the NMIRF to be able to continue paying pensions further in to the future.

This measure eliminates the compounding effect of the cost of living allowance the current law allows, which will result in a reduction of approximately $84 million of the actuarially accrued liabilities of the retirement system. In addition, the cost of living allowance allotments to the NMIRF will cease at the approval of this law, totaling $33,745.05 monthly payments for the remainder of this fiscal year.

This bill becomes **Public Law No. 17-32.** Copies bearing my signature are forwarded for your reference.

Sincerely,

*/s/ Benigno R. Fitial*

BENIGNO R. FITIAL

CC: Lt. Governor
NMIRF
CRA
Office of the Attorney General
Press Secretary, Office of the Governor
Special Assistant to the Administration
Special Assistant for Programs & Legislative Review
All Departments and Agencies

Public Law No. 17-32



# THE SENATE
## SEVENTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

### SENATE BILL NO. 17-34, SD1

## AN ACT

TO AMEND 1 CMC § 8358 TO ALLOW THE NMI RETIREMENT FUND BOARD TO VOTE TO PROVIDE A NON-COMPOUNDING ANNUAL RETIREMENT BONUS IN LIEU OF A COST OF LIVING INCREASE TO HELP PROVIDE FOR THE FISCAL SOLVENCY OF THE NORTHERN MARIANA ISLANDS RETIREMENT FUND; AND FOR OTHER PURPOSES.

### SENATE ACTION

**Offered by Senator(s):** Luis P. Crisostimo

**Date:** July 29, 2010

**Referred to:** None

**Standing Committee Report No.:** None

**Final Reading:** July 29, 2010

### HOUSE ACTION

**Referred to:** Committee on Ways and Means

**Standing Committee Report No. :** 17-63 Adopted on 01/28/11

**First and Final Reading:** January 28, 2011

_____
SENATOR JOVITA M. TAIMANAO
SENATE LEGISLATIVE SECRETARY

Public Law No. 17-32

## SEVENTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

**EIGHTH SPECIAL SESSION, 2010**  **SENATE BILL NO. 17-34, SD1**

## AN ACT

TO AMEND 1 CMC § 8358 TO ALLOW THE NMI RETIREMENT FUND BOARD TO VOTE TO PROVIDE A NON-COMPOUNDING ANNUAL RETIREMENT BONUS IN LIEU OF A COST OF LIVING INCREASE TO HELP PROVIDE FOR THE FISCAL SOLVENCY OF THE NORTHERN MARIANA ISLANDS RETIREMENT FUND; AND FOR OTHER PURPOSES.

### BE IT ENACTED BY THE SEVENTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE:

**Section 1. Findings and Purpose.** The Legislature finds that the Northern Mariana Islands Retirement Fund ("Fund") is in dire need of fiscal reforms in order to save the pension program from an impending demise. These fiscal reforms will be in the form of legislative amendments to ensure the long term fiscal solvency of the pension program in order to meet its mandate of providing a pension for all its members. An actuarial determination has been made that amendment to provide an annual retirement bonus ("ARB") in lieu of the annual Cost of Living Allowance ("COLA"), which compounds each year to increase the annuity amount, will ultimately save the Fund and the CNMI Government approximately $84 million. This act will allow the NMI Retirement Fund Board of Trustees to vote by 2/3 of its members to pay an ARB in lieu of a COLA each year, should it find the financial condition of the Fund so requires. The legislature finds and declares that this legislation is necessary to benefit the welfare of the people of the Commonwealth of the Northern Mariana Islands, and is therefore a proper use of the legislative authority granted by Section 1 of Article II of the Constitution of the Commonwealth of the Northern Mariana Islands.

1  **Section 2. <u>Amendment</u>.** Section 8358 of Title 1 of the Commonwealth Code, as
2  amended by Public Laws 13-60, § 6(f) and 15-70, § 4(b), relating to the Annual Cost of
3  Living Increase, is hereby further amended as follows:

4  "(a) Eligible c~~C~~lass I and class II members in receipt of a service retirement <u>or</u>
5  <u>disability</u> annuity <u>and eligible surviving spouses</u> ~~shall~~ <u>may</u> be provided an annual cost of
6  living increase. The annuity amount will automatically increase on the first day of the
7  quarter following approval by the board.

8  (b) The cost of living increase will be <u>set by the board each year, using as a</u>
9  <u>guideline,</u> the ~~same as~~ <u>rate</u> used by the United States of America Social Security for its
10 beneficiaries. The cost of living increase percentage will be applied to the first thirty
11 thousand dollars ($30,000) of the previous year's annuity amount paid in equal semimonthly
12 increases. This figure shall not be adjusted.

13 <u>(c) Notwithstanding any law to the contrary, the Board of Trustees of the NMI</u>
14 <u>Retirement Fund are hereby authorized to vote by 2/3 of its membership, each year, to grant</u>
15 <u>an annual retirement bonus ("ARB") in lieu of a cost of living allowance ("COLA"). Should</u>
16 <u>the board vote to provide an ARB in lieu of a COLA, the ARB shall not compound or be</u>
17 <u>treated as increasing the annuity amount of a retiree, disability annuitant or survivor spouse</u>
18 <u>from year to year, but shall otherwise be applied to those individuals eligible for a COLA</u>
19 <u>under other provisions of this division.</u>

20 <u>(d) The board shall pay as a COLA or ARB only such amount as the Legislature</u>
21 <u>appropriates for this purpose each year.</u>"

22 **Section 3. <u>Severability</u>.** If any provision of this Act or the application of any such
23 provision to any person or circumstance should be held invalid by a court of competent
24 jurisdiction, the remainder of this Act or the application of its provisions to persons or
25 circumstances other than those to which it is held invalid shall not be affected thereby.

Public Law No. 17-32
**SENATE BILL NO. 17-34, SD1**

1  **Section 4. <u>Effective Date.</u>**  This Act shall take effect upon its approval by the
2  Governor or becoming law without such approval.

CERTIFIED BY:                                     ATTESTED BY:

_____                   _____
PAUL A. MANGLONA                                  JOVITA M. TAIMANAO
**PRESIDENT OF THE SENATE**                       **SENATE LEGISLATIVE SECRETARY**

APPROVED this 16th day of FEBRUARY, 2011

_____
BENIGNO R. FITIAL
Governor
**Commonwealth of the Northern Mariana Islands**